**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 19-cv-00286

BOLD IP PLLC, a Washington professional liability company,

        Plaintiff,

v.

BOLD LEGAL LLC, a Colorado limited liability company

        Defendant.

**COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND VIOLATION OF COLORADO CONSUMER PROTECTION ACT**

**JURY DEMAND**

**Parties, Venue, and Jurisdiction**

1. Plaintiff Bold IP PLLC ("Bold IP") is a Washington professional limited liability company based in Mountlake Terrace, Washington.

2. Defendant Bold Legal LLC ("Bold Legal") is a Colorado limited liability company with places of business in Denver, Colorado and Boulder, Colorado.

3. A substantial part of the events or omissions giving rise to the claims set forth herein occurred within the Western District of Washington.

4. Venue is proper in this Court under 28 U.S.C. § 1391.

5. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(b), and 1367.

6.      This Court has general and specific personal jurisdiction over the Defendant.

**Bold IP's Business and BOLD Trademarks**

7.      Bold IP provides intellectual property legal services in commerce to clients located in multiple locations throughout the United States.

8.      Bold IP's legal services include advice, prosecution, enforcement, and dispute resolution related to patents, copyrights, trademarks, and other forms of intellectual property.

9.      Since at least April 29, 2014, Bold IP has provided intellectual property legal services in commerce under the "Bold IP" word mark (the "BOLD IP Mark").

10.     Since at least April 16, 2014, Bold IP has provided intellectual property legal services in commerce under the "Bold Intellectual Property" word mark (the "BOLD INTELLECTUAL PROPERTY Mark"), including under the stylized mark shown below:



(the "BOLD INTELLECTUAL PROPERTY & Design Mark").

11.     Since at least January 1, 2018, Bold IP has provided intellectual property legal services in commerce under the "Bold Patents" word mark (the "BOLD PATENTS Mark"), including under the stylized version of the mark shown below:



(the "BOLD PATENTS & Design Mark").

12. Bold IP uses the BOLD IP Mark, the BOLD PATENTS Mark, the BOLD INTELLECTUAL PROPERTY Mark, the BOLD PATENTS & Design Mark, and the BOLD INTELLECTUAL PROPERTY & Design Mark (the "BOLD Marks" or "BOLD Family of Marks") in commerce in connection with legal services that Bold IP provides to clients in numerous locations throughout the United States.

13. Bold IP operates a website available at www.BoldIP.com.

14. Bold IP conducts educational seminars, trainings, event sponsorships, community meetup events, office hours, speaking events, and other in-person activities and uses the Bold IP Mark at those events by verbally identifying the law firm as "Bold IP" and placing signage near the venue, as well as handing out business cards, flyers, flowcharts, and other informational papers bearing the BOLD IP Mark and BOLD INTELLECTUAL PROPERTY & Design Mark.

15. Bold IP conducts a large amount of online advertising using the BOLD Marks, including the BOLD IP Mark, the BOLD PATENTS Mark, as well as the design mark logo.

16. Advertising channels through which Bold IP uses the BOLD Marks include

3

directories, affiliated law firms, service professionals, community institutions, Google advertisement, social media (Facebook, Twitter, LinkedIn, Instagram), and other online venues.

17. Bold IP also offers electronic and physical print media bearing the BOLD IP Mark, the BOLD PATENTS Mark, and the stylized BOLD design and logo clearly placed on the printed media. These media comprise newsletters, postcards, books, and folders and informational flyers.

18. All of Bold IP's internal and external emails include the BOLD IP Mark, the BOLD PATENTS Mark, and the stylized BOLD design logo in the signature block of each employee.

19. Bold IP offers its legal services through attorneys located in numerous locations throughout the United States, including Centennial, Colorado, through its Of Counsel affiliation with COR Legal Advisors; Lakewood, Colorado, through its Of Counsel affiliation with The Law Offices of Richard M. Gee; and Denver, Colorado, through its Of Counsel affiliation with C Squared Consulting Group.

20. Bold IP has provided intellectual property legal services to clients based in locations throughout the United States, including Denver, Colorado.

21. Bold IP has provided intellectual property legal services to at least three clients located in Colorado.

22. Through Bold IP's long and consistent sales and marketing efforts of legal services under the BOLD Family of Marks, clients and prospective clients have come to recognize each of the BOLD Marks as an indication that such services originate from Bold

IP.

23. Through Bold IP's long and consistent sales and marketing efforts of legal services under the BOLD Family of Marks, clients and prospective clients have come to expect that use of a trademark or business name pairing the term "Bold" together with a general or highly descriptive term for legal services is an indication that such services originate from Bold IP.

24. On August 18, 2015, the United States Patent & Trademark Office issued Trademark Registration No. 4,793,287 to Bold IP for the BOLD IP Mark used in connection with "[l]egal services, namely, patent law, trademark law, copyright law, trade secret law and intellectual property law consulting services in the field of identification, strategy, analytics, and invention" (the "BOLD IP Registration").   Exhibit A.

25. The BOLD IP Registration is valid, enforceable, and subsisting.

26. The BOLD IP Registration serves as prima facie evidence of Bold IP's valid trademark rights in the BOLD IP trademark.

27. On July 25, 2017, the United States Patent & Trademark Office issued Trademark Registration No. 5248702 to Bold IP for the BOLD INTELLECTUAL PROPERTY & Design Mark used in connection with "[l]egal services, namely, providing customized documentation, information, counseling, advice and consultation services in all areas of intellectual property law, comprising patent law, trademark law, copyright law, and trade secret law" (the "BOLD INTELLECTUAL PROPERTY & Design Registration").   Exhibit B.

28. The BOLD INTELLECTUAL PROPERTY & Design Registration is valid, enforceable, and subsisting.

29. The BOLD INTELLECTUAL PROPERTY & Design Registration serves as prima

facie evidence of Bold IP's valid trademark rights in the BOLD INTELLECTUAL PROPERTY & Design trademark.

### Defendant's Use of the Bold Legal Mark

30. Beginning no earlier than September 12, 2016, Defendant Bold Legal began offering legal services, including intellectual property legal services, under the "Bold Legal" word mark (the "Bold Legal Mark").

31. Bold Legal operates a website (the "Bold Legal Website") available at the domain name Bold.Legal.

32. Bold Legal identifies "Intellectual Property Matters" under the heading "Our practice areas" on the "Practices & Industries" page of the Bold Legal Website.

33. The Bold Legal Website further states: "Bold Legal regularly advises clients with respect to the creation, development, sharing, protection, licensing, sale and other monetization of intellectual property. We also counsel clients regarding risk and risk mitigation involving copyright, patent, trade secret and trademark issues."

### The Parties' Prior Correspondence and Agreement

34. In March of 2018, John (J.D.) Houvener, principal attorney for Bold IP, spoke with David Kendall, an attorney and founder of Bold Legal, regarding use of the Bold Legal Mark and Bold.Legal domain name.

35. Mr. Houvener informed Mr. Kendall of Bold IP's prior rights in the BOLD Marks and the BOLD IP and BOLD INTELLECTUAL PROPERTY & Design Registrations, and that unauthorized use of the Bold Legal Mark and Bold.Legal domain name in connection with intellectual property legal services was likely to cause confusion.

36. Mr. Kendall indicated that he intended to continue using the Bold Legal Mark and Bold.Legal domain name and did not intend to alter the Bold Legal Website, despite Bold IP's prior rights in the BOLD Marks.

37. In an attempt to avoid further legal dispute, Bold IP and Bold Legal subsequently entered into an agreement, on or about March 30, 2018, whereby Bold IP would provide intellectual property legal services under contract with Bold Legal.

38. The parties' relationship was not fruitful, and on or about August 27, 2018, Bold IP terminated the legal services contract with Bold Legal.

39. On September 4, 2018, Bold IP sent a letter to Bold Legal demanding that Bold Legal cease its infringing use of the Bold Legal Mark and Bold.Legal domain name, along with a copy of the BOLD IP Registration. Exhibit C.

40. The September 4, 2018, letter and copy of the BOLD IP Registration was served on Bold Legal on September 12, 2018. Exhibit D.

41. On October 9, 2018, Bold Legal sent a letter to Bold IP indicating that it did not intend to modify its use of the Bold Legal mark or the Bold.Legal domain name.

42. Bold IP does not authorize, sponsor, or endorse any product or service provided by Bold Legal.

43. Bold IP does not authorize or approve of Bold Legal's use of the "Bold Legal" name or trademark or Bold.Legal domain name.

44. Bold Legal's use of the "Bold Legal" name and trademark and Bold.Legal domain name in connection with the offer, promotion, and provision of intellectual property legal services is likely to cause consumer confusion as to source, sponsorship, or affiliation with Bold IP and the

services that Bold IP provides under the BOLD Family of Marks.

45. Bold Legal has continued to advertise intellectual property legal services under the "Bold Legal" name and trademark and Bold.Legal domain name despite actual knowledge of Bold IP's prior rights in the BOLD Family of Marks.

46. On information and belief, Bold Legal does not employ, regularly contract with, or otherwise provide services by any patent practitioners licensed by the United States Patent & Trademark Office.

## CLAIM 1

### (Trademark Infringement of BOLD IP Mark

### in Violation of the Lanham Act, 15 U.S.C. § 1114)

47. Bold IP repeats and realleges each and every allegation contained in paragraphs 1 through 46, inclusive, with the same force and effect as if set forth fully herein.

48. This cause of action arises under the Lanham Act, 15 U.S.C. § 1114.

49. Bold IP has used the BOLD IP Mark in commerce in connection with intellectual property legal services since at least April 29, 2014.

50. Through Bold IP's use of the BOLD IP Mark, customers and others in the trade have come to identify the BOLD IP Mark as an indication that Bold IP is the source of services provided in connection with the BOLD IP Mark.

51. Bold IP is the owner of the BOLD IP Registration, which is valid, subsisting, and enforceable.

52. Defendant's use of the Bold Legal Mark and Bold.Legal domain name as described herein constitutes use in commerce of a reproduction, counterfeit, copy, or colorable imitation of the registered BOLD IP Mark in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive, in violation of 15 U.S.C. § 1114(1)(a).

53. Defendant's use of the Bold Legal Mark and Bold.Legal domain name as described herein constitutes reproduction, counterfeiting, copying, or colorably imitating the registered BOLD IP Mark and applying such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive, in violation of 15 U.S.C. § 1114(1)(b).

54. Defendant's violations of the Lanham Act described herein have caused and continue to cause Bold IP to sustain damage, loss, and injury, in an amount not yet ascertained and to be proven at trial.

55. Defendant has profited from its violations of the Lanham Act described herein in an amount not yet ascertained and to be proven at trial.

56. Defendant's violations of the Lanham Act described herein have caused and, unless enjoined by this Court, will continue to cause Bold IP to sustain irreparable damage, loss, and injury, for which Bold IP has no adequate remedy at law.

57. Defendant's violations of the Lanham Act described herein have been undertaken knowingly, intentionally, willfully, wantonly, and deliberately.

## CLAIM 2

## (Trademark Infringement of BOLD INTELLECTUAL PROPERTY & Design Mark in Violation of the Lanham Act, 15 U.S.C. § 1114)

58. Bold IP repeats and realleges each and every allegation contained in paragraphs 1 through 57 inclusive, with the same force and effect as if set forth fully herein.

59. This cause of action arises under the Lanham Act, 15 U.S.C. § 1114.

60. Bold IP has used the BOLD INTELLECTUAL PROPERTY & Design Mark in commerce in connection with intellectual property legal services since at least April 16, 2014

61. Through Bold IP's use of the BOLD INTELLECTUAL PROPERTY & Design Mark, customers and others in the trade have come to identify the BOLD INTELLECTUAL PROPERTY & Design Mark as an indication that Bold IP is the source of services provided in connection with the BOLD IP Mark.

62. Bold IP is the owner of the BOLD INTELLECTUAL PROPERTY & Design Registration, which is valid, subsisting, and enforceable.

63. Defendant's use of the Bold Legal Mark and Bold.Legal domain name as described herein constitutes use in commerce of a reproduction, counterfeit, copy, or colorable imitation of the registered BOLD INTELLECTUAL PROPERTY & Design Mark trademark in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive, in violation of 15 U.S.C. § 1114(1)(a).

64. Defendant's use of the Bold Legal Mark and Bold. Legal domain name as described herein constitutes reproduction, counterfeiting, copying, or colorably imitating the registered BOLD INTELLECTUAL PROPERTY & Design Mark and applying such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive, in violation of 15 U.S.C. § 1114(1)(b).

65. Defendant's violations of the Lanham Act described herein have caused and continue to cause Bold IP to sustain damage, loss, and injury, in an amount not yet ascertained and to be proven at trial.

66. Defendant has profited from its violations of the Lanham Act described herein in an amount not yet ascertained and to be proven at trial.

67. Defendant's violations of the Lanham Act described herein have caused and, unless enjoined by this Court, will continue to cause Bold IP to sustain irreparable damage, loss, and injury, for which Bold IP has no adequate remedy at law.

68. Defendant's violations of the Lanham Act described herein have been undertaken knowingly, intentionally, willfully, wantonly, and deliberately.

### **CLAIM 3**

**(False Designation of Origin in Violation of the Lanham Act, 15 U.S.C. § 1125(a))**

69. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 68, inclusive, with the same force and effect as if set forth fully herein.

70. Through Bold IP's substantially exclusive use of each of the BOLD Marks in commerce in connection with intellectual property legal services, customers recognize use of a BOLD Mark in connection with intellectual property legal services as an indication such services originate with Bold IP, and Bold IP has developed common law trademark rights in the BOLD Marks and the goodwill appurtenant thereto.

71. Through Bold IP's substantially exclusive use of the BOLD Family of Marks in commerce in connection with intellectual property legal services, customers recognize use of a trademark pairing the term "Bold" with a generic or descriptive term in connection with intellectual property legal services as an indication such services originate with Bold IP, and Bold IP has developed common law trademark rights in the BOLD Family of Marks and the goodwill appurtenant thereto.

72. Defendant, through unauthorized use of the Bold Legal Mark, the Bold.Legal domain name, and related marketing and sales activities as described herein, has, on or in connection with goods and services, or containers for goods, used in commerce one or more words, terms, names, symbols, or devices, combinations thereof, false designations of origin, false or misleading descriptions of fact, or false or misleading representations of fact, which are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods, services, or commercial activities by Plaintiff.

73. Defendant, through its unauthorized use of the Bold Legal Mark, Bold.Legal domain name, and related marketing and sales activities as described herein,

has, on or in connection with goods and services, or any containers for goods, used in commerce one or more words, terms, names, symbols, or devices, combinations thereof, false designations of origin, false or misleading descriptions of fact, or false or misleading representations of fact, which in commercial advertising or promotion, misrepresent the nature, characteristics, qualities, or geographic origin of Defendant's or another person's goods, services, or commercial activities.

74. Defendant's false, confusing, misleading, and deceptive actions described herein constitute violations of at least Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

75. Defendant's Lanham Act violations described herein have caused Plaintiff to sustain monetary damage, loss, and injury, to an extent not yet ascertained.

76. Defendant has profited from its Lanham Act violations described herein, to an extent not yet ascertained.

77. Defendant has engaged in the Lanham Act violations described herein knowingly, willfully, and maliciously.

78. Defendants' violations of the Lanham Act described herein, unless enjoined by this Court, will continue to cause Plaintiff to sustain irreparable damage, loss, and injury, for which Plaintiff has no adequate remedy at law.

## CLAIM 4

**(Colorado Consumer Protection Act, C.R.S. § 6-1-101, *et. seq.*)**

79. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 78, inclusive, with the same force and effect as if set forth fully herein.

80. Defendant, through unauthorized use of the Bold Legal Mark, the Bold.Legal domain name, and related marketing and sales activities as described herein, has knowingly passed of goods, services, or property as those of another.

81. Defendant, through unauthorized use of the Bold Legal Mark, the Bold.Legal domain name, and related marketing and sales activities as described herein, has knowingly made a false representation as to the source, sponsorship, approval, or certification of goods, services, or property.

82. Defendant, through unauthorized use of the Bold Legal Mark, the Bold.Legal domain name, and related marketing and sales activities as described herein, has knowingly made a false representation as to affiliation, connection, or association with or certification by another.

83. Defendant, through unauthorized use of the Bold Legal Mark, the Bold.Legal domain name, and related marketing and sales activities as described herein, has knowingly made a false representation as to the characteristics, ingredients, uses, benefits, alterations, or quantities of goods, food, services, or property and/or a false representation as to the sponsorship, approval, status, affiliation, or connection of a person therewith.

84. Defendant, through unauthorized use of the Bold Legal Mark, the Bold.Legal domain name, and related marketing and sales activities as described herein, has knowingly advertised goods, services, or property with intent not to sell them as advertised.

85. Defendant, through unauthorized use of the Bold Legal Mark, the Bold.Legal domain name, and related marketing and sales activities as described herein, has failed to disclose material information concerning goods, service, or property which information was known at the time of an advertisement or sale, with intent to induce the consumer to enter into a transaction.

86. Defendant, through unauthorized use of the Bold Legal Mark, the Bold.Legal domain name, and related marketing and sales activities as described herein, has engaged in deceptive trade practices.

87. Defendants' deceptive trade practices described herein occurred in the course of Defendant's business, vocation, or occupation.

88. Defendant's deceptive trade practices described herein significantly impact the public as actual or potential consumers of Defendant's goods, services, or property.

89. Plaintiff has suffered injury in fact in the course of its business or occupation to a legally protected interest, including Plaintiff's interests in the BOLD Family of Marks.

90. Defendant's deceptive trade practices described herein caused Plaintiff's injury, in an amount not yet ascertained, to Plaintiff's legally protected interests, including Plaintiff's interests in the BOLD Family of Marks.

91. Defendant's deceptive trade practices as described herein constitute violations of the Colorado Consumer Protection Act, C.R.S. § 6-1-101, *et. seq.*

92. Defendant has engaged in the deceptive trade practices described herein knowingly, willfully, and maliciously.

93. Defendants' deceptive trade practices described herein, unless enjoined by this Court, will continue to cause Plaintiff to sustain irreparable damage, loss, and injury, for which Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Bold IP respectfully prays for the following relief:

I. For a judgment and order as follows:

A. That Defendant is liable on each cause of action asserted against Defendant;

B. That Defendant acted knowingly, intentionally, willfully, wantonly, maliciously, and deliberately in committing the tortious and other unlawful acts as alleged herein;

C. That Defendant's use of the Bold Legal Mark and Bold.Legal domain name constitutes use of counterfeit marks under 15 U.S.C. §§ 1116(d), 1117(a), and 1127.

D. That, in light of all the circumstances, this is an exceptional case under 15 U.S.C. § 1117(a);

E. That Defendant and all other persons acting in concert or participation with Defendant be preliminarily and permanently enjoined and prohibited from:

1. Using the term "Bold" or any variation thereof in any commercial capacity;

2. Engaging in any further tortious or otherwise unlawful acts; and

   3. From in any way inducing, encouraging, aiding, abetting, or contributing to any of the aforesaid acts, as authorized by 15 U.S.C. § 1116(a) and (d), C.R.S. §§ 1-1-109 and 1-1-110, and as otherwise authorized by law;

 F. That Defendant an all other persons acting in concert or participation with Defendant be ordered to immediately take all actions necessary to transfer registration and control of the Bold.Legal domain name to Plaintiff;

 G. That Bold IP be awarded monetary damages sufficient to compensate Bold IP for injury and loss arising out of Defendant's tortious acts and other violations of Bold IP's rights in an amount to be determined according to proofs, as authorized by 15 U.S.C. § 1117(a)(2), C.R.S. 1-1-113(2)(a), and as otherwise authorized by law.

 H. That Bold IP be awarded damages and other monetary relief in the amount of Defendants' profits arising out of Defendants' tortious acts and other violations of Bold IP's rights, in an amount to be determined according to proofs, as authorized by 15 U.S.C. § 1117(a)(1) and as otherwise authorized by law;

 I. That Bold IP be awarded the greater of treble its damages or treble Defendant's profits arising out of Defendant's violations of 15 U.S.C. § 1114(1), as authorized by 15 U.S.C. § 1117(b), C.R.S. § 1-1-113(2)(a)(III), and as otherwise authorized by law;

 J. That Bold IP be awarded no less than $1,000 and no more than $2,000,000 in statutory damages per counterfeit mark, per type of goods or services sold, offered for sale, or distributed by Defendants, as the court considers just, as authorized by 15 U.S.C. § 1117(c) and as otherwise authorized by law;

K.     That Bold IP be awarded no less than $500 and no more than $2,000,000 in statutory damages per violation, as authorized by C.R.S. § 1-1-113(2)(a)(II), and as otherwise authorized by law;

L.     That Bold IP be awarded costs, expenses, and attorney fees incurred in obtaining relief from Defendants' tortious and unlawful acts and other violations of Bold IP's rights, as authorized by 15 U.S.C. § 1117(a) and (b), C.R.S. § 1-1-113(2)(b), and as otherwise authorized by law; and

M.     For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Plaintiff demands a jury trial on all issues triable to a jury.

Dated: February 1, 2019                    BOLD IP PLLC,

By:   /s/ Steven L. Woodrow

Steven L. Woodrow
swoodrow@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

Michael P. Matesky, II*
Matesky Law PLLC
1001 4th Ave., Suite 3200
Seattle, WA 98154
Ph: 206.701.0331
Fax: 206.701.0332
Email: mike@mateskylaw.com

*admission to be sought

*Counsel for Plaintiff*